WEDGEWOOD
Office of the General Counsel
Julie A. Choi (SBN 281100)
  jchoi@wedgewood-inc.com
Elaine Yang (SBN 285318)
  eyang@wedgewood-inc.com
Amelia B. Valenzuela (SBN 320428)
  avalenzuela@wedgewood-inc.com
2015 Manhattan Beach Blvd., #100
Redondo Beach, CA 90278
Telephone:   (310) 640-3070
Facsimile:    (310) 640-3090

*Attorneys for Appellee Catamount Properties 2018, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNA**

| | |
|---|---|
| In re Debtor Clifford Allen Brace, Jr.<br><br>CLIFFORD ALLEN BRACE, JR.,<br><br>        Appellant,<br><br>vs.<br><br>STEVEN M. SPEIER; CATAMOUNT PROPERTIES 2018, LLC,<br><br>        Appellee. | **Case No.: 5:21-cv-01066-JGB**<br>**Bankruptcy Case No.: 11-26154**<br>**Adversary Case No.: 20-01111**<br>[Assigned to the Hon. Jesus G. Bernal]<br>**APPELLEE'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[Filed concurrently with Request for Judicial Notice]**<br>Date:   September 13, 2021<br>Time:   9:00 a.m.<br>Crtrm:  1<br>Location: 3470 Twelfth Street<br>              Riverside, CA 92501 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on September 13, 2021, at 9:00 a.m. in Courtroom 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, before the Honorable Jesus G. Bernal, United States District Court Judge presiding, Appellee Catamount Properties 2018, LLC, LLC will move the Court for an order consolidating the above-captioned case with Case No. 5:21-cv-01092-JGB, currently also pending before Judge Bernal.

This motion is made pursuant to Rule 42(a) of the Federal Rules of Civil Procedure on the grounds that the two pending appeals involve common questions of law or fact. This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed request for judicial notice, the pleadings and records on file, and any additional written or oral evidence presented at the time of hearing.

DATED: August 9, 2021           Respectfully submitted,

                                WEDGEWOOD
                                OFFICE OF THE GENERAL COUNSEL


                                By: /s/Amelia Valenzuela
                                    Amelia B. Valenzuela, Esq.
                                    Attorneys for Appellee Catamount
                                    Properties 2018, LLC

1
NOTICE OF MOTION AND MOTION TO CONSOLIDATE

# MEMORANDUM OF POINTS AND AUTHORITIES

Appellee Catamount Properties 2018, LLC ("**Catamount**") now moves to consolidate Case No. 5:21-cv-01066-JGB and Case No. 5:21-cv-01092-JGB for all purposes as the two pending cases before the Hon. Judge Bernal involve essentially identical questions of law and fact. Catamount provides the following memorandum of points and authorities in support of said motion.

## I. INTRODUCTION

Clifford Allen Brace, Jr. ("**Appellant**" or "**Debtor**") has filed two appeals, both of which are pending before the Hon. Judge Bernal. The two appeals arise out of a default order and judgment entered against Appellant and in favor of Appellee after Appellee filed an adversary complaint against Appellant. Both appeals involve identical questions of law and fact. Thus, Appellee respectfully requests that Case No. 5:21-cv-01066-JGB and Case No. 5:21-cv-01092-JGB be consolidated for all purposes.

## II. FACTUAL AND PROCEDURAL HISTORY

On May 16, 2011, Clifford Allen Brace, Jr. ("**Appellant**" or "**Debtor**") filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code (the "**Bankruptcy Case**"). Request for Judicial Notice ("**RJN**"), Ex. 1. In connection with the Bankruptcy Case, on June 5, 2020, Appellee filed an Adversary Complaint against, among other defendants, Appellant, relating to a fraudulent trustee's sale of real property commonly known as 16270 Chippewa Road, Apple Valley, CA (the "**Property**"). RJN, Ex. 2. Appellant, in conjunction with other defendants, organized the fraudulent trustee's sale of the Property, accepted Appellee's funds, and disposed of such funds and did not return them to Appellee. *Id.*

On June 3, 2021, the Bankruptcy Court entered its *Order Granting in Part and Denying in Part Plaintiff's Motion for Default Judgment and Judgment Against Defendant Clifford Allen Brace, Jr.* ("**Default Order**"). RJN, Ex. 3. The Default Order granted Appellee's Motion for Default as to Appellant in the amount of

$229,000 for sale proceeds plus $20,943.28 in costs, and 7% interest thereon based on Appellant's fraud. *Id.* The Default Order also directed Appellee to lodge a judgment consistent with the Default Order. *Id.*

On June 8, 2021, the Bankruptcy Court entered its Default Judgment. RJN, Ex. 4. Pursuant to the Default Order, the terms of the Default Judgment are consistent with the Default Order and award Appellee $229,000 for sale proceeds plus $20,943.28 in costs, and 7% interest thereon based upon Appellant's fraud. *Id.*

On June 15, 2021, Appellant filed his Notice of Appeal of the Default Order. RJN, Ex. 5. The appeal is now pending before Judge Bernal as Case No. 5:21-cv-01066-JGB. On June 16, 2021, Appellant filed his Notice of Appeal of the Default Judgment. RJN, Ex. 6. The appeal is now pending before Judge Bernal as Case No. 5:21-cv-01092-JGB. The appeals involve identical questions of law and fact.

### III. LEGAL ARGUMENT

Under Fed. R. Civ. P. 42(a),

> If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42(a) "to rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). Courts also regularly consolidate pending matters where there is "substantial similarity between the claims and the putative classes in the actions." *Lopez v. Liberty Mut. Ins. Co.*, No. CV1405576BROJCX, 2014 WL 12853283, at *4 (C.D. Cal. Oct. 24, 2014).

Here, Appellant appealed the Default Order and the Default Judgment, both of which relate to the same underlying Complaint and award the same damages based upon the same findings. Accordingly, the two appeals involve common (or identical) questions of law or fact and should be consolidated pursuant to Rule 42(a).

## IV. CONCLUSION

For all the foregoing reasons, Appellee respectfully requests the Court grant its Motion to Consolidate and consolidate Case No. 5:21-cv-01066-JGB and Case No. 5:21-cv-01092-JGB for all purposes, and grant such further and other relief necessary under the circumstances.

DATED: August 9, 2021  WEDGEWOOD OFFICE OF THE GENERAL COUNSEL

By: /s/ Amelia Valenzuela
Amelia B. Valenzuela, Esq.
Attorneys for Appellee Catamount Properties 2018, LLC

3
MEMORANDUM OF POINTS AND AUTHORITES

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2015 Manhattan Beach Blvd., Suite 100, Redondo Beach, California 90278.

On August 9, 2021, I served the following document(s) described as: **APPELLEE'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE; MEMORANDUM OF POINTS AND AUTHORITIES**
on the parties listed on the Court's ECF docket via electronic service and by placing [ ] the original [X] a true copy thereof in a sealed envelope(s) addressed as follows:

Clifford Allen Brace, Jr.
22421 Barton Road No. 190
Grand Terrace, CA 92313

**[X] BY MAIL**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in Redondo Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2021, at Redondo Beach, California

/s/ Daniel Marcus
Daniel Marcus

1
PROOF OF SERVICE